## JAMES J. DAVIS v. J. W. CANNADY, *as Sheriff of Woodson County, et al.*

COSTS—*Apportionment—Discretion of Court.* Where an application is made to the district court to enjoin the collection of a judgment rendered by it, and at the hearing of the application a perpetual injunction is allowed, enjoining the collection thereof, for the reason that it was rendered in vacation, and it is adjudged that each party pay the costs made by him, *held*, that where the record does not contain, or purport to contain, all the evidence offered at the hearing, this court cannot say that the court below abused its discretion in apportioning the costs between the parties.

*Error from Woodson District Court.*

D. W. FINNEY brought an action against *James J. Davis*, in the district court of Woodson county. The case was referred, and a full hearing had before the referee at Iola, in Allen county. The referee's report, together with the evidence and exhibits, was sent to the judge of the district court, who was then at Osage Mission, in Neosho county. Afterward said report was confirmed, and a judgment rendered thereon at Erie, in Neosho county. The clerk of the district court of Woodson county issued an execution upon said judgment, and the sheriff of that county executed the same by levying upon and advertising for sale the property of the defendant, *Davis*.

This action was brought by *Davis* to enjoin *J. W. Cannady*, the sheriff of Woodson county, and *D. W. Finney*, from proceeding further under and by virtue of said execution. The application for an injunction was continued from time to time, and by an order of the court the defendants were restrained

from proceeding further under the execution until the 11th day of March, 1885, when the application was heard before the district court of Woodson county, and the restraining order was made perpetual, upon the ground only that the judgment upon which the execution was issued had been rendered in vacation.   The court also adjudged that each party pay his own costs.   *Davis* excepted to this judgment, and brings the case here.

*Knight & Foust*, for plaintiff in error.
*W. H. Slavens*, and *H. D. Dickson*, for defendants in error.

Opinion by CLOGSTON, C.: The record in this case shows only the petition, affidavits and exhibits attached thereto, and the judgment thereon.   This judgment shows that a hearing was had before the court.   What evidence was given at that hearing the record does not disclose.   It may have been submitted upon the petition and the affidavits attached thereto; but the record does not so show.   The court found that the judgment was void, for the reason that it was rendered in vacation.   The circumstances under which this judgment was rendered in vacation are not shown.   If the evidence had been preserved and brought up with this record, then we might know something more of its history.   There must have been some reason or circumstance under which this judgment was rendered in vacation by the court.   As to why the report was confirmed and this judgment rendered, is all left to conjecture.   Section 591 of the code is as follows: "In other actions the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."   This is one of the class of actions in which the court has the right to exercise this discretion, and how can we say that it abused that discretion, when the record discloses so little of the history of the case?   Before we would be warranted in so finding, there ought to be a clear showing of such abuse.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.